990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
VANESSA A., a juvenile, Defendant-Appellant.
 No. 92-10101.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1993.*
Decided March 23, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CR-91-00130-RGS, Roger G. Strand, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before WILLIAM A. NORRIS, CYNTHIA HOLCOMB HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vanessa A., a juvenile, was found guilty of aiding and abetting first degree (felony) murder, 18 U.S.C. §§ 1153 and 1111, first degree robbery, 18 U.S.C. §§ 1153 and 2111, and first degree burglary, 18 U.S.C. § 1153 and Ariz.Rev.Stat. § 13-1508A and B. She appeals and we affirm.
 
 
 3
 Essentially, the evidence showed that Vanessa and her boyfriend, Len Don Whitman, went to the home of the victim, Lawrence John Anthrop, entered without his permission, and robbed and killed him. She claims that her conviction was improper for three reasons, each of which we will consider.
 
 
 4
 A. Mario Antone testified that Vanessa and Whitman came to see him the night after the fatal incident. While Vanessa and Whitman sat close together on a box facing Antone, Whitman described the deeds of the night before in substantial detail. He spoke of both his own and Vanessa's actions.
 
 
 5
 Vanessa now asserts that the testimony should not have come in as an adoptive admission. Fed.R.Evid. 801(d)(2)(B). In effect, she claims that an insufficient foundation was laid. We disagree. The district court did not abuse its discretion. See United States v. Kirk, 844 F.2d 660, 663 (9th Cir.), cert. denied, 488 U.S. 890, 109 S.Ct. 222, 102 L.Ed.2d 213 (1988). There was substantial evidence to support a determination that she did hear Whitman's statements, understood them, and acceded to them. See United States v. Sears, 663 F.2d 896, 904 (9th Cir.1981), cert. denied, 445 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982). Moreover, given the friendly circumstances of the conversation and the heinous natures of the actions described, she could be expected to have disassociated herself from Whitman's comments if she did not agree with them. See United States v. Monks, 774 F.2d 945, 950 (9th Cir.1985).
 
 
 6
 Vanessa also asserts that her Sixth Amendment confrontation rights were violated. We recognize that under the law of our circuit the fact that a witness' testimony comes within a well-established exception to the hearsay rule is not automatically sufficient to satisfy the Confrontation Clause. See United States v. Ordonez, 737 F.2d 793, 803 (9th Cir.1984). But see id. at 812-14 (Norris, J., concurring) (9th Circuit position is a dubious one). We have applied confrontation clause standards to the facts of this case and find no violation of Vanessa's rights. She does not contend that Whitman was available to testify, and given the fact that he was facing a trial on the same charges it is highly unlikely that he was. Moreover, his statements concerned past facts about which he had personal knowledge. Those incidents had taken place so recently that they were undoubtedly vivid in his mind and in hers. Moreover, there is nothing to suggest that he misrepresented Vanessa's role in the nefarious scheme, or even that he had any reason to do so. See Monks, 774 F.2d at 952-53.
 
 
 7
 B. Vanessa also claims that the Arizona burglary statute cannot be considered because there is a federal statute which covers some kinds of burglary. However, as we have said, federal law "does not list a crime even remotely resembling the traditional, state law criminal offense of burglary of a private residence." United States v. Bear, 932 F.2d 1279, 1281 (9th Cir.1990). Thus, even if United States v. Bedonie, 913 F.2d 782, 788-89 (10th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2895, 115 L.Ed.2d 1059 (1991) were the law of this circuit, a question we do not decide, this is not a case within its scope. There the court was dealing with a situation where there was a general federal arson statute. Id. at 789 n. 6 (arson may only be punished under federal law). Here there is no general federal burglary statute. Moreover, the information in this case also charged Vanessa with murder during the perpetration of a robbery, a crime clearly included in the definition of felony murder under any reading of the statute. See 18 U.S.C. § 1111(a).
 
 
 8
 C. Vanessa finally asserts that the evidence was insufficient to convict her of robbery. Again, we disagree. There can be no doubt that the victim was alive when she and Whitman broke into his house to rob him. In the activity which ensued she helped make sure that the victim was incapacitated. While she was at it she helped gather up and carry away his goods. She cites no authority for the amazing proposition that no robbery can take place if the victim happens to die before his assailants manage to leave with his possessions, the taking of which was the very purpose of their attack upon him. We have found no such authority, and we will not create it now.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3